FILED
2008 AUG 29 PM 4:36
CLERK U.S. DISTRICT COURT SOUTHERN DISTRICT OF CALIFORNIA
BY [signature] DEPUTY

'08 CR 2936 W

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

July 2007 Grand Jury

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff,<br>v.<br>IAN ALEXANDER FISCHMAN (1),<br>GABRIELA ZAZUETA ALDRETE (2),<br>Defendants. | ) Criminal Case No. ________<br>)<br>) I N D I C T M E N T<br>)<br>) Title 18, U.S.C., Sec. 371 - Conspiracy; Title 18, U.S.C., Sec. 1956(h) - Conspiracy to Launder Money; Title 18, U.S.C., Sec. 545 - Importation Contrary to Law; Title 21, U.S.C., Secs. 331(a) and 333(a)(2) - Misbranding; Title 21, U.S.C., Secs. 331(d) and 333(a)(2) - Sale of Unapproved Drugs; Title 21, U.S.C., Secs. 331(k), 333(a)(2) and 353 - Dispensing Drugs without a Prescription; Title 18, U.S.C., Sec. 1956(a)(1)(B)(i) - Money Laundering; Title 18, U.S.C., Sec. 2 - Aiding and Abetting; Title 18, U.S.C., Sec. 982 - Criminal Forfeiture |

The grand jury charges:

Count 1

Beginning on or about a date unknown but at least as early as May 24, 2002, and continuing up to at least as recently as November 27, 2007, within the Southern District of California, and elsewhere, defendants IAN ALEXANDER FISCHMAN and GABRIELA ZAZUETA ALDRETE did conspire together and with others known and unknown to the grand jury to commit offenses against the United States, to wit:

MKP:nlv(2):San Diego
8/29/08



To knowingly import merchandise, that is, pharmaceuticals, contrary to law, in that the pharmaceuticals were unapproved new drugs, misbranded and dispensed without a prescription, in violation of Title 18, United States Code, Section 545;

a. To introduce and deliver for introduction into interstate commerce an unapproved new drug with intent to defraud and mislead, in violation of Title 21, United States Code, Sections 331(d), 355 and 333(a)(2); and

b. To do an act with respect to a drug which results in the drug being misbranded while held for sale after shipment in interstate commerce, with intent to defraud and mislead, in violation of Title 21, United States Code, Sections 331(k), 353(b)(1) and 333(a)(2).

METHODS & MEANS

It was a method and means of the conspiracy that the defendants would operate internet sites, doing business as 1Medstore.net and Medicationdelivery.com, among others, which offered prescription drugs for sale without requiring evidence of a prior prescription.

It was a further method and means of the conspiracy that the defendants would supply prescription drugs manufactured in India and Mexico for others who the defendants knew to be operating internet sites which offered those items for sale without a prior prescription, including OneMedSource.com and NationalPharmacyGroup.com, among others.

//

//

//

//

It was a further method and means of the conspiracy that, in order to evade detection by the Food and Drug Administration, the U.S. Customs Service, and the Internal Revenue Service, the defendants would ship these drugs to customers in the United States in packaging that did not mention the name of the internet site, using false return addresses.

OVERT ACTS

In furtherance of said conspiracy and to effect and accomplish the objects thereof, the following overt acts, among others, were committed within the Southern District of California and elsewhere.

1. On or about May 24, 2002, defendant IAN ALEXANDER FISCHMAN endorsed a cashier's check in payment for prescription pharmaceuticals supplied to customers in the United States for OneMedSource.com.

2. On or about June 12, 2004, defendants IAN ALEXANDER FISCHMAN and GABRIELA ZAZUETA ALDRETE caused prescription pharmaceuticals labeled in Spanish to be shipped from Mexico to an internet customer of Medicationdelivery.com in San Diego who did not possess a lawful prescription for those drugs.

3. On or about June 23, 2004, defendants IAN ALEXANDER FISCHMAN and GABRIELA ZAZUETA ALDRETE caused prescription pharmaceuticals labeled in Spanish to be shipped from Mexico to an internet customer of Medicationdelivery.com in San Diego who did not possess a lawful prescription for those drugs.

//

//

4. On or about July 31, 2004, defendants IAN ALEXANDER FISCHMAN and GABRIELA ZAZUETA ALDRETE caused prescription pharmaceuticals labeled in Spanish to be shipped from Mexico to an internet customer of Medicationdelivery.com in San Diego who did not possess a lawful prescription for those drugs.

5. On or about August 10, 2004, defendants IAN ALEXANDER FISCHMAN and GABRIELA ZAZUETA ALDRETE caused prescription pharmaceuticals labeled in Spanish to be shipped from Mexico to an internet customer of Medicationdelivery.com in San Diego who did not possess a lawful prescription for those drugs.

6. On or about August 11, 2004, defendants IAN ALEXANDER FISCHMAN and GABRIELA ZAZUETA ALDRETE caused prescription pharmaceuticals labeled in Spanish to be shipped from Mexico to an internet customer of Medicationdelivery.com in San Diego who did not possess a lawful prescription for those drugs.

7. On or about September 4, 2004, defendants IAN ALEXANDER FISCHMAN and GABRIELA ZAZUETA ALDRETE caused prescription pharmaceuticals labeled in Spanish to be shipped from Mexico to an internet customer of Medicationdelivery.com in San Diego who did not possess a lawful prescription for those drugs.

8. On or about October 8, 2004, defendants IAN ALEXANDER FISCHMAN and GABRIELA ZAZUETA ALDRETE caused prescription pharmaceuticals labeled in Spanish to be shipped from Mexico to an internet customer of Medicationdelivery.com in

San Diego who did not possess a lawful prescription for those drugs.

9. On or about October 28, 2004, defendants IAN ALEXANDER FISCHMAN and GABRIELA ZAZUETA ALDRETE caused prescription pharmaceuticals labeled in Spanish to be shipped from Mexico to an internet customer of Medicationdelivery.com in San Diego who did not possess a lawful prescription for those drugs.

10. On or about November 17, 2004, defendants IAN ALEXANDER FISCHMAN and GABRIELA ZAZUETA ALDRETE caused prescription pharmaceuticals labeled in Spanish to be shipped from Mexico to an internet customer of Medicationdelivery.com in San Diego who did not possess a lawful prescription for those drugs.

11. On or about December 14, 2004, defendants IAN ALEXANDER FISCHMAN and GABRIELA ZAZUETA ALDRETE caused prescription pharmaceuticals labeled in Spanish to be shipped from Mexico to an internet customer of Medicationdelivery.com in San Diego who did not possess a lawful prescription for those drugs.

12. On or about April 12, 2007, defendants IAN ALEXANDER FISCHMAN and GABRIELA ZAZUETA ALDRETE caused prescription pharmaceuticals not approved for sale in the United States to be shipped from India to an individual in San Diego who did not possess a lawful prescription for those drugs.

//

//

//

13. On or about November 13, 2007, defendants IAN ALEXANDER FISCHMAN and GABRIELA ZAZUETA ALDRETE caused prescription pharmaceuticals labeled in Spanish to be shipped from Mexico to an individual in San Diego who did not possess a lawful prescription for those drugs.

All in violation of Title 18, United States Code, Section 371.

Count 2

Beginning on or about a date unknown but at least as early as May 24, 2002, and continuing up to at least as recently as November 27, 2007, within the Southern District of California, and elsewhere, defendants IAN ALEXANDER FISCHMAN and GABRIELA ZAZUETA ALDRETE did conspire together with each other and with others known and unknown to the grand jury to commit the offense of money laundering, in violation of Title 18, United States Code, Section 1956(a)(1)(B)(i), by conducting a financial transaction which involves the proceeds of specified unlawful activity, to wit, importation contrary to law, in violation of Title 18, United States Code, Section 545, knowing that the funds involved in the transaction represent the proceeds of some form of unlawful activity, and knowing that the transaction is designed in whole or in part to conceal and disguise the nature, the location, the source, the ownership and control of the proceeds of a specified unlawful activity;

METHODS AND MEANS

It was a method and means of the conspiracy that the defendants would operate internet sites, as well as supply pharmaceuticals to others who also operated internet sites, knowing that the internet sites offered prescription drugs for sale to individuals in the United States without a lawful written prescription. As a further method and

means of the conspiracy, the defendants would cause prescription drugs from Mexico and India to be shipped to the internet customers in the United States.

It was a further method and means of the conspiracy that the proceeds of the internet sales were deposited in the accounts of the credit card processing firms, and then transferred to bank accounts in Mexico and Switzerland, through banks in San Diego and San Francisco.

It was a further method and means of the conspiracy that the defendants induced and directed the transfer of funds from the sale of pharmaceuticals totaling approximately $400,000 to accounts of the defendants in Mexico and Switzerland, to pay for the pharmaceuticals shipped to customers and imported into the United States contrary to law in order to conceal and disguise the nature, location, source, ownership and control of those funds.

OVERT ACTS

In furtherance of the conspiracy and to effect and accomplish the objects thereof, the following overt acts, among others, were committed within the Southern District of California and elsewhere:

1. On or about June 27, 2002, defendant IAN ALEXANDER FISCHMAN directed that a wire transfer in the amount of $6700.00 be sent from a bank in San Francisco to an account in his name in Mexico in payment for pharmaceuticals shipped to customers of OneMedSource.com in the United States.

2. On or about December 12, 2002, defendants IAN ALEXANDER FISCHMAN and GABRIELA ZAZUETA ALDRETE directed that a wire transfer in the amount of $10,000 be sent from a bank in San Diego to an account in the name of ZAZUETA in payment

for pharmaceuticals shipped to customers of OneMedSource.com in the United States.

3. On or about December 18, 2003, defendants IAN ALEXANDER FISCHMAN and GABRIELA ZAZUETA ALDRETE directed that a wire transfer in the amount of $11,000 be sent from a bank in San Francisco to an account in the name of ZAZUETA in Mexico in payment for prescription pharmaceuticals shipped to customers of NationalPharmacyGroup.com in the United States.

4. On or about January 12, 2004, in San Diego, defendants IAN ALEXANDER FISCHMAN and GABRIELA ZAZUETA ALDRETE directed that $11,155 be wire transferred from a bank in San Francisco to the account in the name of ZAZUETA in Mexico to pay for prescription pharmaceuticals shipped to customers of NationalPharmacyGroup.com.

5. On or about October 31, 2005, defendants IAN ALEXANDER FISCHMAN and GABRIELA ZAZUETA ALDRETE directed a bank employee in San Diego to wire transfer the sum of $5,003.30 to an account in the name of ZAZUETA in Mexico to pay for prescription pharmaceuticals shipped to customers of 1Medstore.net and Medicationdelivery.com.

6. On or about November 28, 2005, defendants IAN ALEXANDER FISCHMAN and GABRIELA ZAZUETA ALDRETE directed a bank employee in San Diego to wire transfer the amount of $2,595.95 to an account in the name of ZAZUETA in Mexico to pay for prescription pharmaceuticals shipped to customers of 1Medstore.net and Medicationdelivery.com.

7. On or about March 28, 2007, defendants IAN ALEXANDER FISCHMAN and GABRIELA ZAZUETA ALDRETE directed that $361.00 be wire transferred from a bank in San Francisco to an account in the name of ZAZUETA in Switzerland to pay for prescription pharmaceuticals shipped to customers in the United States.

8. On or about October 31, 2007, defendant IAN ALEXANDER FISCHMAN directed an individual in San Marcos, California, to wire transfer $50.00 via Western Union in the name of Fernando Sarabia Loaeza to pay for prescription pharmaceuticals shipped to individuals in the United States.

All in violation of Title 18, United States Code, Section 1956(h).

Count 3

On or about October 31, 2005, within the Southern District of California, defendants IAN ALEXANDER FISCHMAN and GABRIELA ZAZUETA ALDRETE did conduct a financial transaction, to wit, the wire transfer of $5,003.30, which involved the proceeds of specified unlawful activity, to wit, importation contrary to law, in violation of Title 18, United States Code, Section 545, knowing that the funds involved in the transaction represent the proceeds of some form of unlawful activity, and knowing that the transaction is designed in whole or in part to conceal and disguise the nature, the location, the source, the ownership and control of the proceeds of a specified unlawful activity; in violation of Title 18, United States Code, Sections 1956(a)(1)(B)(i) and 2.

//

//

Count 4

On or about November 28, 2005, within the Southern District of California, defendants IAN ALEXANDER FISCHMAN and GABRIELA ZAZUETA ALDRETE did conduct a financial transaction, to wit, the wire transfer of $2,595.95, which involved the proceeds of specified unlawful activity, to wit, importation contrary to law, in violation of Title 18, United States Code, Section 545, knowing that the funds involved in the transaction represent the proceeds of some form of unlawful activity, and knowing that the transaction is designed in whole or in part to conceal and disguise the nature, the location, the source, the ownership and control of the proceeds of a specified unlawful activity; in violation of Title 18, United States Code, Sections 1956(a)(1)(B)(i) and 2.

Count 5

On or about October 31, 2007, within the Southern District of California, defendants IAN ALEXANDER FISCHMAN and GABRIELA ZAZUETA ALDRETE did conduct a financial transaction, to wit, the wire transfer of $50.00, which involved the proceeds of specified unlawful activity, to wit, importation contrary to law, in violation of Title 18, United States Code, Section 545, knowing that the funds involved in the transaction represent the proceeds of some form of unlawful activity, and knowing that the transaction is designed in whole or in part to conceal and disguise the nature, the location, the source, the ownership and control of the proceeds of a specified unlawful activity; in violation of Title 18, United States Code, Sections 1956(a)(1)(B)(i) and 2.

//

//

Counts 6-10

On or about the dates set forth below in Column A, within the Southern District of California, defendants IAN ALEXANDER FISCHMAN and GABRIELA ZAZUETA ALDRETE did knowingly import and bring into the United States merchandise, to wit, prescription pharmaceuticals, contrary to law, in that the pharmaceuticals were unapproved new drugs, misbranded, and dispensed without a lawful prescription, in violation of Title 21, United States Code, Sections 331, 352, 353, 355 and 381;

| Count | Column A |
|---|---|
| 6 | July 31, 2004 |
| 7 | October 8, 2004 |
| 8 | November 17, 2004 |
| 9 | April 12, 2007 |
| 10 | November 13, 2007 |

All in violation of Title 18, United States Code, Sections 545 and 2.

Counts 11-13

On or about the dates set forth below in Column A, within the Southern District of California, defendants IAN ALEXANDER FISCHMAN and GABRIELA ZAZUETA ALDRETE did, with intent to defraud and mislead, introduce and deliver for introduction into interstate commerce unapproved new drugs, to wit Mexican pharmaceuticals;

| Count | Column A |
|---|---|
| 11 | October 8, 2004 |
| 12 | November 17, 2004 |
| 13 | November 13, 2007 |

All in violation of Title 21, United States Code, Sections 331(d), 333(a)(2) and 355, and Title 18, United States Code, Section 2.

Count 14

On or about April 12, 2007, within the Southern District of California, defendants IAN ALEXANDER FISCHMAN and GABRIELA ZAZUETA ALDRETE did, with intent to defraud and mislead, introduce and deliver for introduction into interstate commerce unapproved new drugs, to wit, Indian pharmaceuticals; in violation of Title 21, United States Code, Sections 331(d), 333(a)(2) and 355, and Title 18, United States Code, Section 2.

Counts 15-17

On or about the dates set forth below in Column A, within the Southern District of California, defendants IAN ALEXANDER FISCHMAN and GABRIELA ZAZUETA ALDRETE did, with intent to defraud and mislead, introduce and deliver for introduction into interstate commerce a misbranded drugs, to wit pharmaceuticals labeled in the Spanish language,

| Count | Column A |
|---|---|
| 15 | October 8, 2004 |
| 16 | November 17, 2004 |
| 17 | November 13, 2007 |

All in violation of Title 21, United States Code, Sections 331(a) and 333(a)(2), and Title 18, United States Code, Section 2.

Counts 18-22

On or about the dates set forth below, within the Southern District of California, defendants IAN ALEXANDER FISCHMAN and GABRIELA ZAZUETA ALDRETE, with intent to defraud and mislead, did an act, to wit, introduced and delivered for introduction into interstate commerce drugs, to wit prescription pharmaceuticals, while such drugs were held for sale after shipment in interstate commerce, which

resulted in such drugs being deemed misbranded in that they were dispensed without a prescription,

| Count | Column A |
|---|---|
| 18 | July 31, 2004 |
| 19 | October 8, 2004 |
| 20 | November 17, 2004 |
| 21 | April 12, 2007 |
| 22 | November 13, 2007 |

All in violation of Title 21, United States Code, Sections 331(k), 333(a)(2) and 353, and Title 18, United States Code, Section 2.

FORFEITURE ALLEGATION

Property Involved in Conspiracy and Money Laundering

a) The allegations contained in Counts 2 through 5 of this Indictment are hereby re-alleged and incorporated by reference for the purpose of alleging forfeiture pursuant to Title 18, United States Code, Section 982(a)(1).

b) Upon conviction of the offense of conspiracy to commit money laundering, in violation of Title 18, United States Code, Section 1956(h), as alleged in Count 2 of this Indictment, and the offenses of money laundering, in violation of Title 18, United States Code, Section 1956(a)(1)(B)(I), as alleged in Counts 3 through 5 of this Indictment, the defendants, IAN ALEXANDER FISCHMAN and GABRIELA ZAZUETA ALDRETE, shall forfeit all property, real or personal, involved in such offenses and all property traceable to such property, the sum of approximately $400,000, including the following:

i) all money or other property that was the subject of the conspiracy, including a sum of money equal to the total amount of money involved in the conspiracy;

ii) all commissions, fees, and other property obtained as a result of the violation; and

iii) all property used in any manner or part to commit or facilitate the commission of said violation.

c) Pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 18, United States Code, Section 982(b)(1), each defendant shall forfeit substitute property, up to the value of the amount described above, if, as a result of any act or omission of said defendant, the property described above, or any portion thereof, cannot be located upon the exercise of due diligence; has been transferred, sold to, or deposited with a third party; has been placed beyond the jurisdiction of this court; has been substantially diminished in value; or has been commingled with other property which cannot be divided without difficulty.

All pursuant to Title 18, United States Code, Section 982(a)(1).

Proceeds of Importation Contrary to Law

a) The allegations contained in Counts 6 through 10 of this Indictment are hereby re-alleged and incorporated by reference for the purpose of alleging forfeiture pursuant to Title 18, United States Code, Section 982(a)(2)(B).

b) Upon conviction of the offenses of importation contrary to law, in violation of Title 18, United States Code, Section 545, as set forth in Counts 6 through 10 of this Indictment, defendants IAN ALEXANDER FISCHMAN and GABRIELA ZAZUETA ALDRETE, shall forfeit to the United States, any property constituting or derived from, proceeds traceable to such offenses, including but not limited to a sum of

money equal to the total amount of proceeds obtained directly or indirectly as a result of the offenses.

c) Pursuant to Title 21, United States Code, Section 853(p), each defendant shall forfeit substitute property, up to the value of the amount described above, if, as a result of any act or omission of said defendant, the property described above, or any portion thereof, cannot be located upon the exercise of due diligence; has been transferred, sold to, or deposited with a third party; has been placed beyond the jurisdiction of this court; has been substantially diminished in value; or has been commingled with other property which cannot be divided without difficulty.

All pursuant to Title 18, United States Code, Section 981(a)(2)(B).

DATED: August 29, 2008.

A TRUE BILL:

Foreperson

KAREN P. HEWITT
United States Attorney

By: MELANIE K. PIERSON
Assistant U.S. Attorney